UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 2 0 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Gary Charles Brestle, )
 )
Petitioner, )
 )
v. ) Civil Action No. 12 1006
 )
Department of Justice *et al.*, )
 )
Respondents. )

MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of the petition for a writ of mandamus and application for leave to proceed *in forma pauperis* ("IFP"). Upon review of the petition, the Court finds that petitioner has failed to state a claim for such extraordinary relief. It therefore will grant the IFP application and dismiss the petition pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Petitioner, a federal prisoner in Jesup, Georgia, seeks an order to compel the Department of Justice to investigate his claims of "preindictment" civil rights violations allegedly "committed by agents of the Federal Bureau of Investigation . . . operating under the control and instruction" of an assistant United States attorney in West Palm Beach, Florida. Pet. at 2.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel

discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The United States Attorney General has absolute discretion in deciding whether to investigate petitioner's accusations. As a general rule applicable to the circumstances of this case, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see id.* at 1480 ("A court may properly issue a writ of mandamus only if the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it . . . .") (citations, internal quotation marks and footnote omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: June 18, 2012