UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

# FILED

**JUN 2 0 2012**

Gary Charles Brestle,      )

                           )

    Petitioner,            )

                           )

    v.                     )    Civil Action No.    **12 1006**

                           )

Department of Justice *et al.*,    )

                           )

    Respondents.           )

**Clerk**, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of the petition for a

writ of mandamus and application for leave to proceed *in forma pauperis* ("IFP"). Upon review

of the petition, the Court finds that petitioner has failed to state a claim for such extraordinary

relief. It therefore will grant the IFP application and dismiss the petition pursuant to 28 U.S.C.

§ 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint,

among other grounds, fails to state a claim upon which relief can be granted).

Petitioner, a federal prisoner in Jesup, Georgia, seeks an order to compel the Department

of Justice to investigate his claims of "preindictment" civil rights violations allegedly

"committed by agents of the Federal Bureau of Investigation . . . operating under the control and

instruction" of an assistant United States attorney in West Palm Beach, Florida. Pet. at 2.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or

employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28

U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of

mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005)

(citation omitted). "It is well-settled that a writ of mandamus is not available to compel

3

discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).  The

United States Attorney General has absolute discretion in deciding whether to investigate

petitioner's accusations.  As a general rule applicable to the circumstances of this case, such

decisions are not subject to judicial review.  *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476,

1480-81 (D.C. Cir. 1995); *see id.* at 1480 ("A court may properly issue a writ of mandamus only

if the duty to be performed is ministerial and the obligation to act peremptory and clearly defined.

The law must not only authorize the demanded action, but require it . . . .") (citations, internal

quotation marks and footnote omitted).  A separate Order of dismissal accompanies this

Memorandum Opinion.

_____
United States District Judge

Date: June ___, 2012